IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LATEEF A. DICKERSON, | § | |
| | § | |
| Defendant Below, | § | No. 156, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. No. 1408008905 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 12, 2017
Decided: May 18, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

This 18th day of May 2017, it appears to the Court that:

(1)    On April 10, 2017, the appellant filed a notice of appeal from the State's response to his motion for postconviction relief under Superior Court Criminal Rule 61 in the Superior Court.  The Senior Court Clerk issued a notice directing the appellant to show cause why the appeal should not be dismissed for this Court's lack of jurisdiction to consider a criminal interlocutory appeal.  In his response, the appellant stated that he did not understand the notice to show cause.  In a letter dated April 24, 2017, the Senior Court informed the appellant that a review of the Superior Court docket did not reveal an order to appeal and granted

the appellant an extension until May 11, 2017 to respond to the notice to show cause. The appellant did not respond to the letter.

(2) Under the Delaware Constitution, this Court may review a final judgment in a criminal case.[1] The appellant filed a notice of appeal from the State's response to his motion for postconviction relief, not a final judgment of the Superior Court. The Superior Court docket reflects that the Superior Court has not yet ruled on the appellant's motion for postconviction relief. The appellant may file an appeal once the Superior Court rules on his motion for postconviction relief. This appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] Del. Const. art. IV, § 11(1)(b).